## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
CATALINA SALMERON, et al.,              )
                                        )
        Plaintiffs,                     )
                                        )
    v.                                  )        Civil Action No. 13–1615 (RBW)
                                        )
                                        )
DISTRICT OF COLUMBIA,                   )
                                        )
        Defendant.                      )
_____ )

### MEMORANDUM OPINION

The plaintiffs brought this suit against the government of the District of Columbia (the "District") to recover attorneys' fees and costs arising from administrative proceedings conducted pursuant to the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400 (2012).  Amended Complaint for Attorneys' Fees and Costs ("Am. Compl.").  Currently before the Court is the Defendant's Motion to Set Aside the Clerk of Court's Entry of Default, Vacate Default Judgment, and Dismiss Plaintiffs' Amended Complaint ("Def.'s Mot.") under the Federal Rules of Civil Procedure 55(c), 60(b), and 4(m).  See Def.'s Mot. at 1; see also Memorandum of Points and Authorities in Support of Defendant's Motion to Set Aside the Clerk of Court's Entry of Default, Vacate Default Judgment and Dismiss Plaintiffs' Amended Complaint ("Def.'s Mem.") at 3.  Upon careful consideration of the parties' submissions,[1] and for the reasons set forth below, the Court finds that the defendant's motion must be granted in part and denied in part.

---

[1] In addition to the filings already identified, the Court also considered: (1) the Plaintiffs' Opposition to Motion to Set Aside Entry of Default, Vacate Default Judgment, and Dismiss Amended Complaint ("Pl.'s Opp'n"); and (2) The District [of] Columbia's Reply to Plaintiffs' Opposition to the District's Motion to Set Aside the Clerk of Court's Entry of Default, Vacate Default Judgment, and Dismiss Plaintiffs' Amended Complaint ("Def.'s Reply").

## I.   BACKGROUND

On December 23, 2013 the plaintiffs served their Amended Complaint on Alex Curtis, a former legal assistant in the District of Columbia Office of Administrative Hearings who, according to the District, was not authorized to accept service on behalf of the District.  Return of Service/Affidavit ("Aff."), ECF Nos. 4, 6; see Def.'s Mot. at 8–9; see also Def.'s Mot., Exhibit ("Ex.") 3 (Declaration of Kathy Haggerty ("Haggerty Decl.")) at 1–2.  On February 18, 2014, after the District failed to respond to the Amended Complaint, the plaintiffs' counsel, Douglas Tyrka, sent an email to the lawyers in the Office of the Attorney General who had previously litigated the underlying IDEA cases to remind them that an answer had not been filed.  Pl.'s Opp'n at 2; see also Pl.'s Opp'n, Ex. 3 (Feb. 18, 2014 Email from Douglas Tyrka ("Tyrka Email")) at 1.  The District responded by informing the plaintiffs' counsel that Ms. Curtis was not authorized to accept service on behalf of the District and thus "[t]he summons and complaint were not properly served on the District of Columbia."  Pl.'s Opp'n, Ex. 6 (Feb. 18, 2014 Email from Darrell Chambers ("Chambers Email")) at 1.  This email also advised the plaintiffs' counsel that:

> In order to properly serve the District you must serve the Mayor of the District of Columbia and/or the Attorney General for the District of Columbia . . . . The Mayor has authorized the Attorney General to accept service on his behalf.  The Attorney General has, in turn, designated a number of individuals in the Civil Litigation Division to accept service on his behalf.  These are the only individuals authorized to accept service on behalf of the District of Columbia (other than the Mayor himself or the Attorney General): George Valentine[,] Elizabeth Sara Gere[,] Darlene Fields[,] Tonia Robinson[,] Gail Rivers[,] Marjorie Thomas[,] Regina Brown[.]  For ease of service, all of the above individuals are located at 441 4th Street, Suite 600 South.

Id.  There is no indication that the plaintiffs properly effected service on the District after receiving this information.  See generally Court Docket.

The Clerk of this Court entered a default against the District on March 5, 2014, after the District failed to answer the plaintiffs' Amended Complaint.  Clerk's Entry of Default, ECF No. 10.  The plaintiffs then filed a motion for default judgment on April 10, 2014.  Plaintiffs' Motion ("Pl.'s Mot.") at 1.  The Court issued an order on August 8, 2014, requiring the District to "show cause in writing on or before September 1, 2014, why the plaintiffs' motion for a default judgment should not be granted."  Order, ECF No. 13 at 3.  Upon the District's failure to respond to the Court's order to show cause, the Court entered a default judgment against the District on January 9, 2015.  Order, ECF No. 14.

The District became aware of the default and the default judgment upon receiving a copy of the Court's Memorandum Opinion and Order granting the Motion for Default Judgment by mail on January 14, 2015.  Def.'s Mem. at 6.  Prior to receiving these documents from the Court, all filings made by the plaintiffs and orders issued by the Court were made electronically, and the plaintiffs did not serve any of their filings on the District.  Id. at 5; see generally Court Docket. The only notice the District had regarding the suit prior to its receipt of the Court's Memorandum Opinion and Order was the courtesy email sent by plaintiffs' counsel on February 18, 2014.  Pl.'s Opp'n, Ex. 3 (Tyrka Email) at 1.

## II.  STANDARD OF REVIEW

Once a default has become a final judgment, the default judgment can be set aside only "under the stricter rule 60(b) standards for setting aside final, appealable orders."  Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980); Fed. R. Civ. P. 55(c).  Under this rule, the Court, in its discretion, may relieve a party from a final judgment, such as a default judgment, for one of six reasons set forth in Federal Rule of Civil Procedure 60(b), see Lepkowski v. Dep't of Treasury, 804 F.2d 1310, 1311–12 (D.C. Cir. 1986), one of those reasons being where the

judgment is "void," Fed. R. Civ. P. 60(b)(4).  A judgment is void if the court that entered the

judgment lacked personal or subject-matter jurisdiction over the case, acted in a manner

inconsistent with due process, or acted beyond the powers granted to it by law. See Eberhardt v.

Integrated Design & Constr., Inc., 167 F.3d 861, 871 (4th Cir. 1999).  While the decision to

vacate a judgment is typically at the discretion of the court, "there is no question of discretion on

the part of the court when a motion is under Rule 60(b)(4); if the judgment is void, relief is

mandatory."  Bell Helicopter Textron, Inc. v. Islamic Republic of Iran, 734 F.3d 1175, 1179

(D.C. Cir. 2013) (quoting Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987)

(footnote and quotation marks omitted)).  Moreover, there are "strong policies favoring the

resolution of genuine disputes on their merits." Jackson, 636 F.2d at 835.

### III.  LEGAL ANALYSIS

#### A.  The Plaintiffs' Service of Process on the District

Federal Rule of Civil Procedure 4(c) provides that "[t]he plaintiff is responsible for

having the summons and complaint served within the time allowed by Rule 4(m) and must

furnish the necessary copies to the person who makes service."  "[F]ederal courts lack the power

to assert personal jurisdiction over a defendant 'unless the procedural requirements of effective

service of process are satisfied.'" Mann v. Castiel, 681 F.3d 368, 372 (D.C. Cir. 2012) (citation

omitted).  Thus, "it is uniformly held that a judgment is void where the requirements for effective

service have not been satisfied."[2] Combs, 825 F.2d at 442.  The plaintiff has the burden of

establishing the validity of service of process; "to do so, [a plaintiff] must demonstrate that the

---

[2] Although the plaintiffs argue that the District has waived any objection to the Court's entry of the default
judgment, see Pls.' Opp'n at 3, they provide no legal authority for this conclusion, see id.  Additionally, the Court
notes that while the plaintiffs never directly oppose the District's argument that the default judgment should be
vacated, they do seem to infer this position by arguing that because service was proper, the subsequent default
judgment was properly entered against the District.  See Pls.' Opp'n at 3–7.  And while this Court is not in the habit
of inferring legal arguments made by parties that have legal representation, in the interest of resolving this case as
expeditiously as possible, it will address why vacating the default judgment is appropriate.

procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other

applicable provision of law."  Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal

quotation marks and citation omitted); see also Paolone v. Muller, 05–cv–2300(JDB), 2006 WL

2346448, at *2 (D.D.C. Aug. 11, 2006) ("The party on whose behalf service is made has the

burden of establishing its validity and must demonstrate that the procedure satisfied the

requirements of Rule 4 of the Federal Rules of Civil Procedure."); Mann v. Casiel, 729 F. Supp.

2d 191, 195 (D.D.C. 2010), aff'd, 681 F.3d 368 (D.C. Cir. 2012).

      Federal Rule of Civil Procedure 4(j) governs service of process on a state or local

government.  Rule 4(j) provides:

> (2) A state, a municipal corporation, or any [] governmental organization that is
> subject to suit must be served by:
> > (A) delivering a copy of the summons and of the complaint to its
> > chief executive officer; or
> > (B)  serving a copy of each in the manner prescribed by that state's
> > law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).  Rule 4(j) of the Superior Court of the District of Columbia outlines the

"manner prescribed by" District of Columbia law for service of process upon the District.  Under

this Rule,

> (1) Service shall be made upon the District of Columbia by delivering . . . a copy
> of the summons, complaint[,] and initial order to the Mayor of the District of
> Columbia (or designee) and the [Attorney General] of the District of Columbia (or
> designee).  The Mayor and the [Attorney General] may each designate an
> employee for receipt of [the] service of process by filing a written notice with the
> Clerk of the Court.

D.C. Super. Ct. R. Civ. P. 4(j)(1).  Through Attorney General Office Order No. 2012–08, the

District filed "written notice with [Angela Caesar,] the Clerk of [this] Court" by letter dated

August 8, 2012, explicitly designating which six employees in the Civil Litigation Division and

the Public Interest Division of the Office of the Attorney General for the District of Columbia are

authorized to receive service of process on behalf of the District.  See Def.'s Reply, Ex. 3

(Notice of Filing Regarding Designees for Service of Process on the Attorney General for the

District of Columbia, the District of Columbia or the Mayor ("Order No. 2012–08")) ("Enclosed

please find a copy of an Attorney General Office Order, No. 2012–08, signed by Attorney

General Irv Nathan on July 23, 2012, regarding service of process on the Attorney General for

the District of Columbia and on the District of Columbia when required pursuant to Rule 4(j) of

the Civil Rules of the Superior Court of the District of Columbia or on the Mayor of the District

of Columbia pursuant to Mayor's Order."); id. at 3 (Order No. 2012–08).  Thus, to effectively

serve the District of Columbia in IDEA litigation and thus permit this Court to have personal

jurisdiction over the District in this case, the plaintiffs were required to personally serve the

Mayor, the Attorney General, the Deputy or Assistant Deputy of the Civil Division, or one of the

six individuals designated in the Attorney General's 2012 Order.[3]   See D.C. Super. Ct. R. Civ.

P. 4(j)(1); Def.'s Reply, Ex. 3 (Order No. 2012–08).

Attempting to satisfy their burden of showing that the District was properly served with

process, the plaintiffs contend that their service on Alex Curtis, although not a designee of the

Attorney General, see Def.'s Reply, Ex. 3 (Order No. 2012–08), was nonetheless appropriate

because they "did everything they could to follow [the requisite] procedure and serve the

Attorney General," Pl.'s Opp'n at 4.  The plaintiffs argue further that because "[t]he District

keeps the Attorney General—and every [Office of the Attorney General] employee—behind a

---

[3] In 2009, then-Mayor Adrian M. Fenty published an order pursuant to Superior Court Rule of Civil Procedure 4(j)(1) designating the Attorney General of the District of Columbia as an appropriate recipient of service of process for suits against the District.  Def.'s Mot., Ex. 1 (Mayor's Order 2009–91) at 1.  In 2012, an office order from the Attorney General designated six individuals in the Civil Litigation Division (Darlene Fields, Staff Assistant; Tonia Robinson, Staff Assistant; Gale Rivers, Staff Assistant; Sandra Peterson, Staff Assistant; Marjorie Thomas, Program Support Assistant; and Regina Brown, Staff Assistant) as well as the Deputy and Assistant Deputy of the Civil Litigation Division and the Deputy of the Public Interest Division as appropriate recipients of service of process for suits against the District.  Def.'s Mot., Ex. 2 (Attorney General Office Order 2012–08) at 1.

locked door,"[4] they were unable to effect service as required and thus the Court should not vacate its previously entered default judgment.  Id.  However, the plaintiffs' position is significantly undermined by their own exhibits demonstrating that plaintiffs' counsel was informed that "[t]he summons and complaint were not properly served on the District" by email dated February 18, 2014.  Pl.'s Opp'n, Ex. 6 (Chambers Email) at 1.  Moreover, the procedure for effecting proper service was outlined for the plaintiffs' attorney in that same email. Id.  Upon receipt of this email, the plaintiffs' counsel was on notice of the deficient service of process attempt and the steps necessary to remedy the insufficient service.  Yet, instead of doing "everything they could to follow [the requisite] procedure [to] serve the Attorney General," Pl.'s Opp'n at 4, by re-serving the Amended Complaint and summons on a designated recipient as required by Federal and District of Columbia Rule 4, and listed in Office Order 2012–08, the plaintiffs' attorney instead moved for a default judgment.  It therefore follows that because Ms. Curtis was not designated to receive service of process for the District of Columbia, and the plaintiffs, after learning of their mistake, did not correct their error by later serving an appropriate designee, the plaintiffs have failed to perfect service of process on the District in accordance with Rule 4(j).

The plaintiffs' attempts to minimize and have the Court sanction their effort to effect service are to no avail.  They argue that the District has failed to prove that Ms. Curtis lacked authority to accept service of process.  Pl.'s Opp'n at 6.  However, as the Court has already

---

[4] It is clear based on this description that the location where their process server attempted to serve the District was not the Office of the Attorney General, but rather the cashier's office at the Office of the Administrative Hearings. Compare Pl.'s Opp'n, Ex. 1 ("Verified Statement of Max Molina") ("I speak through a window to a person sitting at the front desk of the office, which is behind a locked door."), Pl.'s Opp'n ECF No. 21–1 at 10 ("February 18, 2014 Email") ("Per the norm, security would not allow the process server access to the suite."), and Def.'s Reply, Ex. 2 (Photograph of Cashier's Office at the Office of Administrative Hearing) (showing a desk behind a window) with Def.'s Reply, Ex. 1 (Photograph of Civil Litigation Division) (showing an open reception area with no window through which the process server would have to speak).

explained, when service is challenged, it is the plaintiffs' burden to establish that their method of service was proper and that the recipient, Ms. Curtis, possessed the requisite authority to accept service. Light, 816 F.2d at 751.  The only evidence produced by the plaintiffs to support their assertion that Ms. Curtis had the authority to accept service on behalf of the District is Ms. Curtis's purported statement to the plaintiffs' process server that she had that authority when she accepted the documents.  Pl.'s Opp'n at 7.  However, even if the statement was made, the District has nonetheless conclusively shown that Alex Curtis was not authorized to accept service on behalf of the District, see e.g., Def.'s Reply, Ex. 3 (Order No. 2012–08) (listing six named individuals, in addition to the Deputy and Assistant Deputy of the Civil Division, authorized to accept service of process); Pl.'s Opp'n, Ex. 6 (Chambers Email) (same); Def.'s Mem., Ex. 3 ¶ 5 (Haggerty Decl.) ("Ms. Curtis was never authorized to accept service on behalf of the Mayor of the District of Columbia or the Office of the Attorney General for the District of Columbia."), and was not even an employee of the Office of the Attorney General, but rather an employee of the Office of Administrative Hearings, see Def.'s Mem., Ex. 3 ¶ 4 (Haggerty Decl.) ("I reviewed employee documents concerning Alex Curtis and determined that she was employed by the Office of Administrative Hearings as a Legal Assistant . . . .").  Additionally, the District has submitted evidence suggesting that prior to their attempted service in this case, the plaintiffs' counsel was well-aware of the proper procedure for serving the District as well as the identity of the individuals authorized to accept service on behalf of the District.[5]  Def.'s

---

[5] The District has provided a list of other special education cases in which the plaintiffs' counsel properly served the District following the issuance of the Attorney General Order in 2012.  The list show that in addition to this case, the plaintiffs' attorney has filed at least fourteen similar cases against the District since the Attorney General's Order of 2012.  In three of those cases, the plaintiffs' attorney filed Proof of Service indicating that an authorized recipient accepted service of process.  While the plaintiffs' counsel did not file proof of service affidavits in the eleven other cases, the Office of the Attorney General's internal records indicate that authorized recipients were served process in seven of those cases.  Def.'s Mem. at 8 n.5; see also Def.'s Mem., Ex. 4 (Declaration of George B. Becker "Becker Decl.") at 2.

Mem. at 8 n.5.

Finally, the plaintiffs argue that even if their service on the District was inadequate, because the District had actual notice of the case, the improper service should not result in dismissal of their case.  Pl.'s Opp'n at 8.  While the District was certainly notified of the pending suit by email on February 18, 2014, proof of actual or constructive notice is not a substitute for proper service.  See Mann, 729 F. Supp. 2d at 196 ("Proof of actual notice is insufficient to prove proper service"); see also Chen v. District of Columbia, 256 F.R.D. 263, 266–67 (D.D.C. 2009) (citing Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1, 4 (D.D.C. 2004) ("[N]otice alone cannot cure an otherwise defective service")).  Thus, despite whether the District had actual notice of the suit, service of process was improper.

Because the plaintiffs have failed to properly effect service on the District pursuant to Rule 4(j), the Court did not have personal jurisdiction over the District when it entered the default judgment.  Mann, 681 F.3d 368.  Thus, because proper service has not been achieved, the Court's entry of the default judgment is void.  Combs, 825 F.2d at 442.  Consequently, Rule 60(b)(4) requires that the default judgment be set aside because the judgment was void due to the Court's lack of personal jurisdiction over the District.

### B.  The District's Motion to Dismiss Pursuant to Rule 4(m)

The District originally requested that the Court dismiss the plaintiffs' amended complaint for failure to comply with Rule 4(m).  Def.'s Mot. at 2.  However, the District has since withdrawn that portion of its motion, and instead has indicated that it will accept service.  Def.'s Reply at 1.  Thus, the Court need not consider the District's original request.  Instead, the plaintiffs shall promptly and properly serve the District and provide it with the opportunity to file an answer to the Amended Complaint.  In response to the District's request that this Court issue a

scheduling order, the Court will require the parties to file a joint briefing schedule within sixty

days of the issuance of this memorandum opinion and accompanying order.

### C. The Plaintiffs' Attorney's Representations to the Court in The Motion for Default Judgment

Rule 11(b) of the Federal Rules of Civil Procedure provides that:

> By presenting to the court a . . . written motion . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> > (2) the claims, defenses, and other <u>legal contentions are warranted by existing law</u> or by a <u>nonfrivolous argument</u> for extending, modifying, or reversing existing law or for establishing new law;
> > (3) the <u>factual contentions have evidentiary support</u> or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

Fed. R. Civ. P. 11(b) (emphasis added).  It further allows the Court, "[o]n its own, [to] order an

attorney . . . to show cause why [his] conduct . . . has not violated Rule 11(b)."  Fed. R. Civ. P.

11(c)(3).

The Court is deeply troubled by plaintiffs' counsel's frivolous and unwarranted filing of

the plaintiffs' motion for a default judgment.  As is now apparent, when plaintiffs' counsel

petitioned for the default judgment, he had been made aware that the District had not been

properly served, <u>see</u> Pl.'s Opp'n, Ex. 6 (Chambers Email) ("The summons and complaint were

not properly served on the District of Columbia."), and thus could not have been in default, <u>see</u>

<u>Jackson</u>, 636 F.2d at 836 ("The default judgment must normally be viewed as available <u>only</u>

<u>when</u> the adversary process have been halted because of an essentially unresponsive party."

(citation and alteration omitted)).  However, instead of addressing the service of process deficiencies by utilizing the steps outlined in the email sent to him by the District, see Pl.'s Opp'n, Ex. 6 (Chambers Email), the plaintiffs' attorney appears to have deceptively filed a motion for a default judgment, basing that motion on the false evidentiary support that "the defendant[, the] District of Columbia[,] was . . . personally served with process on December 23, 2013 (on authorized agent)."  Affidavit in Support of Default, ECF No. 9 (signed by attorney Douglas Tyrka) (emphasis added).  Based on this representation, the Court erroneously assumed that the plaintiffs' attorney was accurately representing that there was a factual basis for the motion as required by Rule 11(b) and the Rules of Professional Conduct, see D.C. R. of Prof'l Conduct R 3.3(a)(1) ("A lawyer shall not knowingly[ m]ake a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer, unless correction would require disclosure of information that is prohibited by Rule 1.6[.]"); see also Local Civ. R. 83.15(a) (adopting the District of Columbia Court of Appeals Rules of Professional Conduct), and therefore unnecessarily expended time and resources addressing the plaintiffs' motion.

Counsel's conduct compels the Court to require that he show cause in writing why he should not be sanctioned for requesting the motion for the default judgment, knowing that the factual predicate for the motion did not exist.

## D.  CONCLUSION

For the foregoing reasons, the District's motion to set aside the clerk of court's default and vacate the Court's default judgment is granted, and the District's motion to dismiss the plaintiffs' Amended Complaint is denied.  To avoid further unnecessary delay in bringing this case to final resolution, the plaintiffs' counsel shall properly serve process on the District within

thirty days from the date of the issuance of this memorandum opinion.  Additionally, the plaintiffs' counsel is required to show cause in writing within that same thirty day period why Rule 11 sanctions should not be imposed in this case.  Finally, the parties shall file a joint proposed briefing schedule within sixty days from this date of the issuance of this memorandum opinion.

**SO ORDERED** this 9th day of July, 2015.[6]

REGGIE B. WALTON
United States District Judge

---

[6] An Order consistent with this Memorandum Opinion shall be issued contemporaneously.